ELLIS, Judge.
This is an appeal from a ruling of the Civil Service Commission of the City of New Orleans, in which it upheld the dismissal of appellant Harold E. Wilson from the New Orleans Police Department by Superintendent Joseph Giarusso.
Under the provisions of Article XIV, Section 15 of the Constitution of 1921, LSA, the jurisdiction of this court is restricted to questions of law only. The findings of fact made by the Civil Service Commission are final.
Briefly, it appears that Patrolman Wilson was subpoenaed to appear in traffic court on *651 both the morning and evening of May 5, 1961. The morning case was continued, and the evening case was dismissed. Wilson was not present when the evening case was heard.
When confronted with the fact of his non-appearance, Wilson obtained a letter from the judge of the morning section of traffic court to the effect that he had called in and had been excused. When advised that this still did not cover his non-appearance in the evening session, he obtained a letter from the judge of that section, stating that he had called in and had been excused.
Subsequently, the investigating officer found that Patrolman Wilson had submitted an overtime slip, which showed attendance in court from 8:56 A. M. until 2:29 P. M. on May 5, 1961.
His explanation for this was that he must have been mistaken as to the day on which he had called in to be excused. No one, with the exception of his attorney, was able to place Patrolman Wilson in court on the morning of May 5, 1961. No one was able to testify that he was there, or that he had actually called in to be excused on that day. Wilson stated that his reason for asking to be excused was the illness of his wife, who was, in fact, hospitalized and operated on on May 17, 1961.
An extensive investigation and report was made by Major John J. Becker to Superintendent Joseph Giarusso, who subsequently wrote a letter of dismissal to Patrolman Wilson, giving as the reason for same the following:
“After careful study of the investigative report, I have concluded that the facts indicate that you did not appear in Municipal Traffic Court May 5, 1961, under the circumstances that you have stated, and which have been verified by the Judges and Clerks of the Municipal Traffic Court, and that you did, obviously in collusion with some unknown party, attempt to perpetrate a fraud on the City of New Orleans by requesting payment for court overtime for May S, 1961, in submitting a court overtime slip, duly time punched, when you did not in fact appear in Municipal Traffic Court on May 5, 1961.”
The above constitutes the only formal charge made against Wilson.
The dismissal was appealed to the Civil Service Commission of the City of New Orleans, which, after its hearing rendered the following findings of fact and conclusions of law, sustaining the dismissal:
“Findings of Fact”
“1. Appellant’s wife was ill prior to and during the incident in question of May 5, 1961.
“2. Appellant was with his wife at the hospital on May 17, 1961, the day on which Major Becker asked to see him and questioned him for the first time.
“3. Appellant called in and requested to be excused and was excused from appearing in court some time prior to, on, or subsequent to May 5, 1961.
“4. Appellant did submit a request for overtime pay for time he claims to have spent in court on May 5, 1961.
“5. Appellant was not in court at 5:00 P. M. on May S, 1961 when the case in question was called, and the Commission makes no finding as to whether or not appellant was in court at any other time on May 5,1961.
“6. Appellant’s overtime slip of May 5, 1961 was punched out at 2:29- P. M.”
“Conclusions of Law”
“1. Regardless of whether or not appellant was in court on May S', 1961,, he is guilty of being absent from the court at 5:00 P. M. when the case in question was called, unless he was excused on that day.
“2. On the basis of all1 the evidence before him at the time he dismissed the *652 appellant, the action taken by Superintendent of Police, Joseph Giarusso, cannot be considered arbitrary, unreasonable or without just cause.
“3. The action was not based on political or religious motives.
“4. The appeal is accordingly dismissed.”
Article 14, §§ 15 (N) (1) of the Constitution of 1921 provides as follows:
“No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority, (a) The burden of proof on appeal, as to the facts, shall be on the employee.”
Article 14, §§ 15(0) (1) contains the following language:
“There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.”
The above two provisions of the Constitution, as interpreted in Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958), make it the duty of the Civil Service Commission to determine independently the propriety of the dismissal, based on the charges set forth in the letter of dismissal. In that case, the court said:
“ * * * the Civil Service Commission should and could have reviewed whether the penalty of dismissal imposed upon appellant was just and proper under the facts and commensurate with the asserted cause for the disciplinary action * *
The Commission has failed to do that in this case. In order to substantiate the charges as set forth in Superintendent Giarusso’s letter, a specific finding that Wilson was not present in court on May 5, 1961, between 8:56 A. M. and 2:29 P. M. must be made. This finding was specifically not made by the Commission. ,⅛1,
To put it another way, Wilson was charged by Superintendent Giarusso with having attempted to “perpetrate a fraud on the City of New Orleans by requesting payment for court overtime for May 5, 1961, in submitting a court overtime slip, duly time punched, when you did not in fact appear in Municipal Traffic Court on May 5,1961.” (Emphasis added.)
Finding of Fact No. 5 by the Commission states:
“Appellant was not in court at 5:00 P. M. on May 5, 1961, when the case in question was called, and the Commission makes no finding as to whether or not appellant was in court at any other time on May 5, 1961.” (Emphasis added.)
Granted that the burden of proof rests with the appellant in this case, it is still incumbent on the Commission to make an independent determination of the facts on which the dismissal is based. The fact of the absence of Wilson from traffic court between 8:56 A. M. and 2:29 P. M. is essential to the affirmation of his dismissal. No such determination was made by the Commission.
Plowever, if such a finding had been made, the conclusions of law drawn by the Commission would still be in error. No finding is made that there was any intent on the part of Patrolman Wilson to defraud the City of New Orleans. We believe that, in order to establish, as a matter of law, suf *653 ficient cause for the dismissal of appellant from the police force, such a finding must be made to the exclusion of error, mistake, negligence or ignorance.
In the Brickman case, supra, the Supreme Court held that if it can be determined, as a matter of law, from the facts found by the Civil Service Commission that there was no legal cause for which appellant could constitutionally be subjected to disciplinary action, the ruling of the Commission should be reversed and appellant restored to duty.
We find that no such cause exists in this case, and accordingly, it is ordered that the ruling of the Civil Service Commission of the City of New Orleans dismissing appellant be reversed and set aside and that appellant be restored to his former position with the New Orleans Police Department.
Reversed and rendered.