LANDRY, Judge.
This is an appeal from the ruling of the Civil Service Commission, State of Louisiana, (sometimes hereinafter referred to as the “Commission”), sustaining the “lay off” of plaintiff-appellant, Edith J. Heno (some *272 times hereinafter referred to as “employee”), from the classified position of Clerk Typist II, in the Hammond Local Office, Division of Employment Security, State of Louisiana, (sometimes hereinafter referred to as “employer” or “appointing authority”).
Appellant, who was represented by counsel in her appeal to the Commission but who prosecutes her appeal to this court in proper person, contends the Commission erred in (1) concluding her release resulted from a reduction in force necessitated by budgetary requirements instead of finding her dismissal was in reality a disciplinary measure taken without lawful cause; (2) neglecting to find appellant’s lay off resulted from discrimination practiced against her by her immediate superior, N. H. Robinson, Manager of the aforesaid local office in which appellant was employed at the time of her release, and (3) the denying a full and fair hearing of appellant’s cause by refusing appellant’s timely and proper request to summon certain witnesses necessary to establish her claim of discrimination.
Briefly stated plaintiff maintains that when a reduction in force was necessitated due to budgetary requirements she was chosen by her immediate superior, Robinson, as one of two employees to be “laid off”. She contends her selection for release was motivated by animosity toward her engendered by Robinson’s belief appellant was a “gossip” and “trouble maker” as well as her said superior’s resentment of her outspoken criticism of certain office practices with which appellant disagreed. Appellant does not contend any civil service procedural rule was violated in effecting her “lay off”; she bases her appeal solely on the grounds hereinabove set forth.
Conversely, the appointing authority concedes appellant’s services were satisfactory and appellant was an efficient employee in every respect. Employer maintains appellant was not discriminated against in any manner but rather her release was prompted by a reduction in force necessitated by budgetary considerations. In this regard it is argued that appellant’s selection as one of two employees to be thus “laid off” resulted from the employer’s determination that dispensing with appellant’s services (rather than that of other employees) would cause less disruption in the services performed by the office and provide the most efficient operation by the reduced personnel.
The record reveals plaintiff’s classification as Clerk Typist II is essentially that of a general office clerk whose primary duties, are to answer the telephone, serve as receptionist, type certain reports and do general filing. In such capacity plaintiff takes no shorthand and is not qualified, expected or required to serve as secretary to an executive. It further appears the Hammond Office is composed of distinct units or sections, including, among others, an Agricultural Placement Section whose sole duty is to interview and seek employment for unemployed agricultural workers, and a claims section whose function is to. assist eligible unemployed workers of all classifications in qualifying for unemployment compensation benefits. The organizational chart appearing of record indicates the two principal interviewers in the office were one Robert H. Earhart and Rico A. Masaracchia. It further appears the office employs a Secretary who possesses the rating Steno II and a Clerk Typist I, which rating we understand to be inferior to. that of appellant.
In late May, 1963, Charles Denstorff, Director of Field Services, Division of Employment Security, at a meeting held' in Baton Rouge, advised all field office managers of an impending budgetary cut that would necessitate a reduction in force in or about December of that same year. To secure information on which the prospective lay offs could be effected, he requested that all office managers immediately furnish him an organizational chart of their respective offices indicating which po *273 sitions, in the judgment of the various managers, could best be deemed surplus and terminated with the least effect upon the efficiency of their respective offices. Robinson was advised his office would lose two employees. Pursuant to said mandate Robinson in early June, 1963, forwarded Den-storff a chart indicating as surplus the position held by appellant and that of a Farm Placement Clerk (Interviewer) in the agricultural unit or department of the Hammond Office, the latter being then a temporary position. A copy of said chart was also sent to W. H. O’Kelley, District Supervisor, subordinate of Denstorff but the immediate superior of Robinson.
In July, 1963, Denstorff instructed O’Kelley to eliminate two positions in the Hammond Office. Acting upon these orders O’Kelley recommended dispensing with the services of Robert H. Earhart and Rico A. Masaracchia, Interviewers, employed in the same unit as appellant. Subsequently by letter dated November 26, 1963, from Richard E. Brown, Jr., Administrator, Earhart and Masaracchia were advised of the elimination of their positions and offered transfers to certain other offices as an alternative to their outright release. On the afternoon of November 26, 1963, Robinson and Masaracchia made a visit to Denstorff’s office in Baton Rouge (following receipt by Masaracchia of his aforesaid notice of termination). After a conference between these parties it was determined that Masaracchia would be retained and appellant and Earhart offered transfers. By letter dated November 27, 1963, from Brown, Administrator, plaintiff was notified of the elimination of her position and offered a transfer to New Orleans. Plaintiff declined the transfer for personal reasons and, following her release by her appointing authority, appealed to the Commission for reinstatement.
The Commission found as a fact that appellant’s release did not result from discrimination but rather from a necessary reduction in force in the course of which plaintiff’s immediate superior, Robinson, properly exercised the discretion vested in him with respect to selection of the positions to be eliminated under the circumstances indicated.
It is settled law that the findings of fact made by the Commission upon the appeal of a Classified Employee, if supported by substantial evidence of record, are binding upon the Court when judicial appeal is taken from the Commission’s decision. La. Constitution of 1921, Article 14, Section 15(0), (1), L.S.A.; Barnes v. Dept. of Highways, La.App., 154 So.2d 255.
On appeal to the Commission by a classified employee from disciplinary action taken by an appointing authority, the burden rests upon the employee to establish the facts relied upon in his appeal. La. Constitution of 1921, Article 14, Section 15 (N) (1) (a); Wilson v. New Orleans Police Department, La.App., 145 So.2d 650.
Our careful analysis of the record convinces us the record amply supports the Commission’s ruling to the effect appellant has failed to establish the discrimination she alleges.
Appellant testified she believed she was released solely because of ill-feeling toward her by her immediate superior, Robinson. In this connection she stated that so far as she knew Robinson considered her a “gossip” and “trouble maker” and so told her on the date of her release. She recounted the incident as having occurred in Robinson’s private office to which she was summoned for the purpose of being advised of her release. On this occasion she stated Robinson in substance told her he had selected her “to go” because she had gossiped about Robinson and a certain other female employee in the office. She stated she was prepared to establish, by the testimony of 20 witnesses whom the Commission refused to subpoena, that she was efficient and not a trouble maker in addition to proving certain alleged office *274 misconduct between Robinson and a certain female employee in the office and finally that her eliminated position was essential to the efficient operation of the office.
The overwhelming preponderance of credible evidence, however, is opposed to the unconfirmed and uncorroborated testimony adduced by appellant in her own behalf.
It is undisputed that elimination of two positions in appellant’s unit was inevitable. Robinson testified that upon being advised in May of the imminence of a lay off he selected appellant’s position and that of an interviewer in the claims section as “surplus” in the sincere belief the office could best get along without these particular employees inasmuch as their duties could be more easily assumed by the remaining personnel. He stoutly denied any prejudice against appellant although he conceded that upon the date of her release he offered her some friendly advice which he felt might assist her in her association with future co-workers. He readily acknowledged appellant’s efficiency and likewise admitted that, in his opinion, appellant was inclined to irk her associates because of her frank, abrupt and blunt attitude. He did not consider appellant a “gossip” and “trouble maker” as alleged by appellant but did feel appellant should adopt a more conciliatory and friendly attitude toward her associates and superiors and so advised appellant solely with the view of giving her a friendly and helpful tip. On this occasion he wished plaintiff well and offered to expedite her transfer to another office.
After making his recommendations in early June, Robinson gave no further thought to the matter until advised by Masa-racchia on the morning of November 26, of the receipt of Masaracchia’s letter of dismissal. That afternoon, Robinson and Mas-aracchia went to Baton Rouge and conferred with Denstorff about the matter. During the conference Robinson made it plain that he favored the release of plaintiff and tlie interviewer in the other section because he felt elimination of these positions would least interrupt and impede the placement services furnished by the Hammond Office. In short he advised Denstorff that elimination of two interviewers in the placement section would “gut the unit” and render it virtually inoperative inasmuch as the interviewers are the “heart of the section,” their work being of vital importance to the unemployed as well as employers. As a result of this conference Denstorff telephoned Brown who countermanded Masa-racchia’s release and ordered plaintiff transferred to New Orleans.
W. H. O’Kelley, District Supervisor, testified that notwithstanding the prior recommendation of Robinson that appellant and the temporary interviewer be released, when advised in July that the reductions must be effected, he selected Earhart and Masaracchia because he felt the placement application total in the Hammond Office would not thereafter be as heavy as in prior years. In October the time arrived for sending notices of dismissal. O’Kelley then orally advised Denstorff that Earhart and Masaracchia were his selections because of the aforementioned reason and for the additional reason they were the last two interviewers employed in the Hammond Office. Following Earhart’s and Masarac-chia’s notification of dismissal he had no further knowledge of the matter until advised of Masaracchia’s retention and appellant’s dismissal. He also stated that upon being so informed he again suggested to Denstorff his belief it would be better to retain appellant. O’Kelley was unaware of any animosity or ill feeling toward appellant on the part of Robinson.
Charles Denstorff, Director of Field Supervisors, stated that in July, 1963, when he requested recommendation from his subordinate, O’Kelley, with respect to the pending lay offs, O’Kelley suggested elimination of any two of the three positions held by a Miss Mahaffey (a Steno II, or Secretary capable of taking shorthand) and the interviewers, Earhart and Masaracchia. When the time came to make the final decision, he, *275 Denstorff acted upon O’Kelley’s suggestion and recommended to the Administrator, Brown, that Earhart and Masaracchia be released. He acknowledged the visit by Robinson and Masaracchia on the afternoon of November 26, at which Robinson interceded for Masaracchia and suggested the efficiency of the office would be least impaired by the retention of Earhart and Masaracchia because their services were more important and also because Masa-racchia owned an automobile which he used from time to time in the performance of his duties as interviewer. Denstorff knew of no animosity felt toward appellant by Robinson. He confirmed Robinson’s testimony to the effect the duties of a Clerk Typist could be more easily discharged by Interviewers than could the duties of Interviewers be performed by a Clerk Typist which latter position is inferior and requires less technical training and skill than the former.
Richard E. Brown, Administrator, in substance testified his was the final decision in the matter of the lay offs. He confirmed the absolute necessity for the reduction in force which required elimination of two employees in the Hammond Office. According to Brown, it was on Denstorff’s recommendation that the letters of November 26, were sent Earhart and Masaracchia. He further acknowledged a phone call from Robinson on the morning of November 26, at which Robinson advised the release of two interviewers would create problems in the Agricultural Placement Section whereas release of one employee from the placement and claims sections each, would best serve the efficient operation of the office as a whole. Robinson further suggested that if the decision rested with him he would keep Masa-racchia and transfer appellant and Earhart. Robinson expressed the desire to come to Baton Rouge to discuss the matter in person whereupon Brown suggested he confer with Denstorff following which consultation an ultimate decision would be reached. Later on the 26th, after Robinson’s conference with Denstorff, Brown received the telephone call from Denstorff which led to the rescinding Masaracchia’s release and the release of appellant instead. Earhart’s release was continued in effect and he transferred to another office pursuant to the option offered. Plaintiff was offered a transfer which she declined.
It is conceded the position vacated by plaintiff’s release remains unfilled and that the duties formerly performed by appellant have been assumed by the remaining employees who share in their execution. It is also acknowledged that appellant remains certified as preferentially eligible for her former position when and if an employee of her classification is added to the Hammond Office.
Of necessity much discretion (within'the bounds of reasonableness and fairness and within the framework of the Commission’s applicable rules and the provisions of the Civil Service Amendment), must be left to the employer in determining which employees shall be affected by necessary lay offs. Faced with such eventuality it is the obligation of the employer under the Civil Service Amendment to take such action as shall best insure continued efficient operation of the employer’s function having of course due regard to principles of justice, equality and fairness and the provisions of the Civil Service Amendment.
Although the record reflects the probable existence of some ill feeling toward appellant by Robinson it is not reliably established that such condition antedated his recommendation made in early June when he initially proposed appellant as one of the employees to be released. Assuming, arguendo, such ill will as did exist prior to Robinson’s initial recommendation, the record contains ample evidence to support the Commission’s finding such circumstance played no appreciable part in appellant’s release. The reasons given by Robinson, namely, that elimination of both placement interviewers would cripple and seriously handicap one of the primary functions of the office appear sound and logical and were *276 concurred in by two out of three of Robinson’s superiors. It appears plausible to us that loss of the services of a semi-skilled general office clerk, whose duties could be and were assumed by the remaining force, would result in less disruption and curtailment of service than would ensue from the release of two interviewers whose technical, specialized services constituted a vital function of the office and could not be easily discharged by the reduced personnel.
We consider now appellant’s certification as error the Commission’s refusal to subpoena approximately 20 witnesses by whom appellant sought to establish certain elements of her claim.
Seven witnesses, all former Office Managers under whom appellant worked, were requested summoned (including W. H. O’Kelley who appeared) to establish that appellant was an efficient employee and the position of Typist Clerk II was needed in the efficient operation of the Hammond Office. In view of the appointing authority conceding both issues and such concession being entered of record, the Commission properly declined to issue the requested subpoenas. In an appeal before the Commission, it is unnecessary for the employee to establish what is conceded by the appointing authority. Rule 13:21 (E) of the Commission’s rules in effect provides no subpoena shall be issued for the appearance of any witness or order granted for the production of any document unless the testimony of the witness or the production of the document is necessary to an issue before the Commission. The rule has the force of law. Louisiana Constitution of 1921, Article 14, Section 15(1); Hays v. Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71, affirming La.App., 136 So.2d 559.
Thirteen additional witnesses were requested summoned by appellant to establish that certain employees in the Hammond Office (other than appellant) studied college lessons and engaged in what allegedly amounted to improper social activity during office hours. The Commission refused to summon these witnesses on the ground that such matters were not at issue inasmuch as the sole charge by appellant was alleged to be discrimination against her. Under the circumstances attending the instant case, we deem the Commission’s action in this regard to be proper.
In substance the Commission’s Rule 13:21(E) is essentially one of relevancy and in effect provides the Commission will not require production of a witness or document to prove an immaterial or irrelevant fact or circumstances. The rule appears reasonable and well founded and conforms to the well established rule of relevancy which obtains in the Court. In this respect the rule is valid and entitled to judicial recognition as a proper exercise of the Commission’s rule making authority. The Commission’s application of the rule, however, is subject to judicial review inasmuch as the matter of relevancy of preferred testimony to issues before the Commission is a question of law to be determined in the light of the facts and circumstances of each individual case. The Commission’s failure to properly interpret and apply the rule in any case must perforce be set aside by the Courts in order to assure the appellant full and complete opportunity to discharge the burden of proof incumbent upon him. Denial of appellant’s right to produce witnesses necessary to establish a material issue is tantamount to refusal to afford appellant a full, complete and fair hearing before the Commission. It is the duty of the Court in the exercise of its appellate review of the Commission’s findings to insure that each employee shall be afforded a full, fair, complete and unrestricted opportunity to establish any material issue properly raised before the Commission.
In the case at bar we conclude the Commission properly determined that the issue of alleged misconduct on the part of other employees was not material or relevant to appellant’s charges of discrimination. There is no evidence that any such *277 ■practices (if they did indeed exist as appellant charges) had any relation or connection with appellant’s release. On the contrary, the overwhelming preponderance of evidence establishes plaintiff’s release resulted from the decision of her superiors that appellant’s services could best be dispensed with to comply with an order requiring a reduction in the office force. Under such circumstances we find no error in the Commission’s refusal to summon such witnesses.
Accordingly, the judgment of the Commission is affirmed.
Affirmed.