LOTTINGER, Judge.
This is an appeal by Ogden C. Guillot, petitioner, against Department of Hospitals, Southwest Charity Hospital as defendant, from a decision by the Louisiana Civil Service Commission upholding a dismissal of petitioner from his Civil Service job.
The evidence shows that for approximately eight years prior to February, 196S, the petitioner had been employed under Civil Service classification as an Institutional Business Administrator II at the Southwest Charity Hospital in Lafayette. He was notified orally on February 8, 1965, and by letters dated February 10 and February 25, 1965, that he had been laid off, effective at the close of business on April 30, 1965, as his position was being abolished because of economic reasons. He was offered employment as Executive Assistant II at Lake Charles Charity Iiospi- *429 tal. This employment was refused by petitioner because his wife did not want to move from Lafayette to Lake Charles.
Timely notice of this appeal was taken to the Louisiana Civil Service Commission. Grounds for the appeal were set forth as the “abolishment of this position is made under improper and impure motives and predicated on personal reasons and not to effect the economy and betterment of the system”.
Civil Service Amendment (Section J-2) provides that an employee may be removed “ * * * because of stoppage of work from lack of funds or from other causes * * * ” Rule 1.19 defines layoff as “ * * * the removal of an employee because of lack of work, failure of financial appropriation or other causes which do not reflect on the employee”.
In the case of Munson v. State Parks and Recreation Commission, 235 La. 652, 105 So.2d 254, the Court upheld layoffs for economic reasons, despite a showing that there was adequate money available. In that case, the Supreme Court said:
“The (Civil Service) Commission concluded it would not undertake to review the propriety of action of another board in abolishing certain positions. The fact that there was enough in the budget was of no concern to any one but the Board itself, it must be presumed to have acted within its authority.”
This rule as set forth in the Munson case, has been followed in the case of Heno v. Department of Labor, La.App., 171 So.2d 270, in which we held that much discretion is given an appointing authority in determining which employees shall be affected by layoff. In upholding the layoff of petitioner, the Civil Service Commission in its opinion held:
“The Civil Service Commission has no power to review the administrative actions of another State Agency, except in those limited instances set forth in the Constitution. In the absence of a showing of political or other illegal discrimination, the Commission will not undertake to review the propriety of action of another commission in abolishing certain positions, when accomplished in accordance with the Constitution and Rules.”
The petitioner, however, contends that he was not laid off because of economic reasons, but that the real cause of his layoff was a discrimination because of what he stated was a “conflict of personality” between himself and the Superintendent of the hospital. We feel, however, that the facts fail to disclose that there was a discrimination, nor that there was a conflict of personality.
The main points upon which this apparent discrimination is based are that the budget for the year following his layoff did not eliminate the monetary requirements for his position, another gentleman had been offered a position as Executive Assistant, which comprised substantially the same duties as those performed by petitioner, and that the Superintendent of the hospital had failed to take petitioner into his confidence and had treated him “cooly” during the last few months of his employment at the hospital.
With regard to the failure to eliminate the position from the budget we are not concerned, because of the holding in the Munson case.
With regard to the second contention of petitioner regarding the offer of another position with substantially the same duties, the record discloses that by executive order from the Director of State Hospitals, the Superintendent of the Southwest Charity Hospital was directed to institute a position of Executive Assistant II. This fact was known by petitioner, and the Superintendent discussed this matter with him prior to the layoff of petitioner. The facts disclose that the duties to be performed by this Executive Administrator were not the same as those held by petitioner. This position *430 was to be in training to take over the Superintendent’s'job when and if such became necessary. However, the individual to whom this job was offered refused it, and the job was never created.
With respect to the alleged “personality conflict” between the Superintendent and petitioner, the petitioner alleges that a State automobile was taken away from him by the Superintendent of the hospital and given to the Maintenance Superintendent of the hospital, and furthermore, that the petitioner was not called in to assist the Superintendent in the preparation of the 1964 — 1965 budget for the hospital.
The facts disclose that the automobile was taken away by the Superintendent from petitioner because of an executive order received by the Superintendent to the effect that the only employee of the hospital who would be entitled to a State-owned vehicle would be the Superintendent himself. Subsequently, by executive order, the Superintendent was directed to give his Maintenance Superintendent the use of a State-owned vehicle.
The Superintendent testified that petitioner did not offer to assist him in the preparation of the budget for the year 1964-1965. The petitioner himself testified that prior to that time he had not prepared the budgets, he only gave the accountant “ * * the percentage of increase or decrease of each category”. He stated that the Superintendent had the final say so with regard to the budget. Petitioner further testified that he had seen the budget, however, and that it was on his desk both before and after discussion between the Superintendent and the accountant regarding same.
We feel that the evidence in this case does not reflect that there was any discrimination or disciplinary action involved in the layoff of petitioner. If such was the case, the burden of proving same was upon the petitioner and he certainly has failed in this respect.
For the reasons hereinabove assigned, the decision of the Civil Service Commission-will be affirmed, all costs of this appeal will be paid by petitioner.
Judgment affirmed.