220 So.2d 253 (1969)
Thomas P. PERKINS
v.
DIRECTOR OF PERSONNEL et al.
No. 7392.
Court of Appeal of Louisiana, First Circuit.
March 10, 1969.
*254 Sylvia Roberts, Baton Rouge, for appellant.
Thomas W. Landry, Louis S. Quinn, Baton Rouge, for appellees.
Before LOTTINGER, ELLIS, and BAILES, JJ.
ELLIS, Judge.
Appellant, Thomas P. Perkins, was employed in the office of the Custodian of Voting Machines as an Executive Assistant I from 1958 until 1965. On October 20, 1965, a desk audit was made of his job pursuant to a request by Douglas Fowler, the Custodian of Voting Machines. As a result of the audit, Mr. Perkins' position was reallocated from Executive Assistant I to Accountant II. He appealed to the Director of Personnel, State Department of Civil Service, who affirmed the reallocation. This decision was appealed to the Civil Service Commission, which subsequently also affirmed the reallocation. The decision of the Civil Service Commission has been appealed to this court.
Mr. Perkins' notice of appeal reads as follows:
"Please accept this as my appeal to the Civil Service Commission to action taken by you December 3, 1965, changing my classification.
"My duties have been down graded on paper.
"The duties performed by me conform to those of Accountant V or Executive Assistant II.
"I respectfully request the Civil Service Commission reverse the action taken by you December 3rd and restore the duties that I formerly performed.
"The duties outlined by Mr. Fowler do not conform to duties actually performed."
At the trial of the appeal, the Commission refused to hear any evidence as to what duties had been performed by Mr. Perkins prior to October 20, 1965. Appellant took the position that this testimony would be relevant because it would tend to show discrimination by the Custodian of *255 Voting Machines against him, and because it would show that Mr. Perkins had in fact performed the duties of an Executive Assistant I up until the time of the desk audit. Appellant took the position that in view of Mr. Fowler's statement that he had not changed Mr. Perkins' duties in any way, and because the Civil Service Department had audited the job before and had allocated it as an Executive Assistant I, the Commission was now without authority to reallocate the job to Accountant II.
The Commission ruled that since no discrimination was alleged in Mr. Perkins' notice of appeal, he could not put on any evidence relative thereto. It ruled that it was interested only in the duties performed by Mr. Perkins as of the date of the desk audit, and that if, on that date, his duties did not meet the requirements of the job description of Executive Assistant I, the job could be reallocated to a proper classification.
Appellant's specifications of error relate primarily to the above ruling by the Commission. It is also specified that the Commission erred in holding that the appeal was defective because it asked for relief which the Commission was unable to grant, i. e., restoration of appellant to the duties formerly performed by him. He also complains of the failure of the Commission to subpoena one of his witnesses, the failure of the Commission to find that he was demoted without cause, and the failure of the Commission to find that he was in fact performing the duties of an Executive Assistant I as of the time of the desk audit.
It is noted in the opinion of the Commission that the appeal to it was defective because the letter requested relief which it was beyond the power of the Commission to bestow. Construing the letter of appeal as a whole, it is apparent that appellant wishes to be restored to the rank formerly held by him or a higher position. Bryant v. Young Memorial Vocational-Technical School, 197 So.2d 158 (La.App. 1 Cir., 1967). This relief is certainly within the power of the Commission.
Mr. Perkins complains that he has been demoted as the result of the action of the Director. It is claimed by the Director that Mr. Perkins' position was reallocated to another class, and that there has been no demotion.
The record reveals that Mr. Perkins has enjoyed permanent status as an Executive Assistant I in the office of the Custodian of Voting Machines for a number of years. If the action of the Director resulted in a demotion, Mr. Perkins was entitled to notice thereof from the appointing authority, under the provisions of Article XIV, Section 15(N) (1). No such notice was ever given him.
In its ordinary significance, demote means to reduce in rank to a lower grade. Civil Service Rule 1.11 defines a demotion as a change of an employee "from a position of one class to a position of another class for which a lower minimum rate of pay is prescribed". Position means "any office and any employment in the Classified Service". Civil Service Rule 1.25. Reallocation means "a change in the allocation of a position from one class to another class". Civil Service Rule 1.32.
Using the above definitions contained in the rules, it seems clear that reallocation and demotion are not mutually exclusive terms. That a reallocation can result in a demotion is obvious. It is begging the question to say that in a demotion a man changes positions, and in a reallocation the position changes classes, taking the man with it. The result is the same, in that the employee occupies a position in one class before the action complained of and a position in a lower class after.
We find that Mr. Perkins has been demoted as a result of the reallocation procedure followed by the Director. Not having received notice thereof from the appointing authority, the demotion is ineffective. Young v. Charity Hospital of Louisiana, *256 226 La. 708, 77 So.2d 13 (1954); Chadwick v. Department of Highways, 238 La. 661, 116 So.2d 286 (1959); Day v. Department of Institutions, 228 La. 105, 81 So.2d 826 (1955).
Further, we have grave doubts as to the constitutionality of a reallocation resulting in a demotion. A demotion can only be made for cause. Article XIV, Section 15(N) (1), Constitution of 1921.
The cause may arise from substandard work, poor attitude or other professional or behavioral deficiencies on the part of the employee, necessitating disciplinary action on the part of the appointing authority. Such is not the case with appellant.
It may also be that the economical and efficient operation of an office may call for the abolition of one job class and the substitution for it of a lower class. Such a procedure is contemplated by the law. Louisiana Constitution, Article 14 and 15 (I) (b) and (J) (2); Munson v. State Parks and Recreation Commission, 235 La. 652, 105 So.2d 254 (1958); Heno v. Department of Labor, 171 So.2d 270 (La.App. 1 Cir., 1965); Guillot v. Southwest Charity Hospital, 186 So.2d 428 (La.App. 1 Cir., 1966).
However, in this case, without any change in the classification plan of the office of the Custodian abolishing the position held by appellant, and without any assignment of cause, an employee with permanent status in one class found himself occupying a position in a lower classification. We do not believe this eventuality is contemplated by the Constitution.
Article XIV, Section 15(I) (b) provides for reallocation of positions only when "new positions are created or additional classes are established, or existing classes are divided, combined, altered or abolished". None of these conditions are present in this case. The establishment or change of a class lies within the province of the Civil Service Commission and it alone is vested with the Constitutional authority for such action. Cf. Civil Service Rules 5.1 and 5.2. No such action was taken in this case. The creation of a new position lies within the province of the appointing authority subject to allocation thereof by the Director, and no such new position was created by the Custodian. It therefore follows that no reallocation could be made by the Director.
The purpose of the Civil Service Amendment is to secure governmental employees in their positions, free from discrimination of political, religious or other nature. Womack v. Louisiana Commission on Governmental Ethics, 250 La. 833, 199 So.2d 891 (1967); Vidrine v. State Parks and Recreation Commission, 169 So.2d 641 (La.App. 1 Cir., 1964).
The Civil Service Amendment, Constitution Article 14, § 15(I) (b) provides that no position can be filled until it has been classified by the Director. In this case, appellant's position was classified in 1958, and he qualified to fill the job. It is not shown that any disciplinary or other cause exists for a demotion. The question here is not one of discrimination, but rather of demotion without cause and reallocation without authority. In either event, appellant is entitled to be restored to his former position. He is also entitled to receive all pay of which he has been deprived by virtue of his demotion. Bennett v. Louisiana Wild Life & Fisheries Commission, 234 La. 678, 101 So.2d 199 (1958); Hays v. Louisiana Wild Life & Fisheries Commission, 165 So.2d 556 (La.App. 1 Cir., 1964); Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464 (1958).
There will be judgment reversing the opinion of the Civil Service Commission and ordering that Thomas P. Perkins be restored to the rank of Executive Assistant I formerly held by him.
Reversed and rendered.