415 So.2d 381 (1982)
Michael N. SMITH
v.
DIVISION OF ADMINISTRATION, LOUISIANA INFORMATION PROCESSING AUTHORITY (three cases).
Nos. 14716-14718.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*382 Michael N. Smith, in pro. per.
John R. Sheppard, Staff Atty., Div. of Admin., Baton Rouge, for appellee.
Laura Denson Holmes, Civ. Service Legal Counsel, Dept. of State Civ. Service, Baton Rouge, for George Hamner, Director, Dept. of State Civ. Service.
Before LEAR, CARTER and CHIASSON, JJ.
CHIASSON, Judge.
This is an appeal taken by Mr. Michael N. Smith from the final disposition of his three consolidated appeals before the State's Civil Service Commission and the Commission's denial of Requests for Summary Disposition filed by the Division of Administration. Different aspects of these three appeals have been litigated for the past six years without any final determination of any one of them.
The facts of this protracted litigation are set out as succinctly as possible by the Commission as follows:
"Appellant was employed by the Division of Administration, as an Electronic Data Processing Programmer III for the Louisiana Information Processing Authority in the classified service and was serving with permanent status.
"By letter dated April 20, 1976, appellant was advised that he was being removed from his position effective April 26, 1976, for having been on `unauthorized leave without pay' since March 9, 1976. A notice of appeal was filed on May 20, 1976, wherein appellant denied the allegations and alleged that his absence since March 9, 1976 was approved. As relief, appellant sought reinstatement with full back pay. This appeal was docketed as number 1486. By an opinion dated September 10, 1976, the Commission reinstated appellant to his position because appellant had not been furnished reasons for his removal prior to the effective date thereof, which is in contravention of Civil Service Rule 12.3. On September 17, 1976, appellant was reinstated effective April 26, 1976. He was placed in leave without pay status per order of the Commission. On October 8, 1976, appellant filed an application for appeal to the Court of Appeal, wherein he questioned the Commission's order reinstating him in the status of leave without pay and wherein he raised the issue of back pay. Appellant alleged that after his attempted termination, he tendered himself for duty and therefore was entitled to back pay from the date he tendered himself for duty. This appeal was not processed to the Court of Appeal, but was placed on the Commission's agenda for the taking of testimony as to the issue of back pay. Meanwhile, by letter dated September 30, 1976, appellant was advised that he was being removed effective October 1, 1976. As cause for removal, appellant is charged with marginal work performance, verbally abusing his supervisor and unauthorized absence from duty since March 9, 1976. By an undated letter *383 received in the Director's office on October 29, 1976, appellant, through counsel, appealed the termination and alleged that the charges were false, insubstantive and alternatively, not grounds for dismissal. As relief, appellant seeks full back pay and reinstatement. (This notice of appeal was docketed on December 18, 1980 because it had been previously overlooked.) This appeal was docketed as number 2668.
"On February 14, 1977, the Court of Appeal held that employees of the Division of Administration were in the unclassified service and that the Civil Service Commission was without jurisdiction to review the employment practices of the Division of Administration. In Re Division of Administration, 343 So.2d 277 (La. App.1977) The Louisiana Supreme Court denied writs on May 11, 1977, stating there was no error of law in the judgment of the Court of Appeal. In Re Division of Administration, 345 So.2d 504 (La.1977).
"In response to these court decisions, by an opinion dated June 14, 1977, Docket Number 1486 was summarily dismissed for lack of jurisdiction. On June 27, 1977, appellant filed an application for appeal to the Court of Appeal challenging the June 14, 1977 opinion of the Commission dismissing his case.
"On January 9, 1978, appellant was reinstated to his position as an Electronic Data Processing Programmer III in the unclassified service. By letter dated November 28, 1978, appellant was advised that he was being terminated effective December 8, 1978, for having been absent from duty since October 9, 1978 without approval. No appeal was filed challenging this removal. On January 23, 1978, the Court of Appeal affirmed the Commission's dismissal of appellant's appeal. Smith v. Division of Administration, 358 So.2d 1291 (La.App.1978) The Supreme Court granted writs and on September 5, 1978, rendered judgment reversing the Court of Appeal and declaring that the employees of the Division of Administration are classified employees. This judgment became final on October 5, 1978. Smith v. Division of Administration, 362 So.2d 1101 (La.1978).
"On April 18, 1980, appellant filed an appeal wherein he complains that Docket Number 1486 has never been concluded because the issue of whether he was entitled to any back pay upon reinstatement in April 1976 has never been resolved. Further, appellant contends that after the Commission ordered him reinstated, he reported for duty, was kept waiting for one hour and then was handed a letter of termination. Appellant alleges he was never paid for the one hour and therefore, was never actually reinstated. This appeal was docketed as number 2421. On May 14, 1980 another letter was received from appellant wherein he seeks to amend the appeal to include a request for back pay for certain periods.
"On November 18, 1980, a Motion for Summary Disposition was filed on behalf of the appellee urging dismissal of Docket Number 2421 on the grounds that it is res judicata and that the appeal was untimely."
The parties were advised by a letter dated November 18, 1980, that a hearing to be set would be limited to a consideration of the Request for Summary Disposition. Thereafter, the parties were then advised that consideration of the Request for Summary Disposition would be heard at the outset of the hearing on the merits set for February 3, 1981.
The Division of Administration filed an additional Request for Summary Disposition on January 8, 1981, urging dismissal of all three appeals. By letter dated January 9, 1981, all of the parties were advised that the February 3rd hearing would be limited to a consideration of the Requests for Summary Disposition. Appellant wrote a letter, dated January 13, 1981, opposing these requests.
Director of the State Civil Service Commission, George Hamner, responded to Mr. Smith's letter of opposition in a letter dated January 14, 1981, reiterating that the February *384 3rd hearing would be limited to a consideration of the Requests for Summary Disposition and his opposition thereto. Mr. Hamner wrote, "[T]he hearing has been limited to enable the Commission to resolve these legal questions before the parties go to the time and expense of locating witnesses that would be needed for a hearing on the merits. If the Commission denies the requests for summary disposition, this matter will be placed on the April 1981 agenda so that it may finally be concluded."
A hearing was held on February 3, 1981. Testimony offered by the Division of Administration was received and the Commission, in their opinion dated April 8, 1981, denied the Requests for Summary Disposition and further, rendered a judgment on the merits of all three appeals. The Commission held that Mr. Smith is to be paid back pay for the periods of April 14, 1976 through April 18, 1976 and December 14, 1977 through January 9, 1978, less a set-off for wages earned during these periods.
Specifically, the Commission found that:
"Prior to his removal in April 1976, appellant was in leave without pay status. The unresolved issue in Docket Number 1486 is whether appellant tendered himself for duty prior to April 26, 1976 and if so, when. Ordinarily, a resolution of these issues would require the Commission to order an evidentiary hearing. However, a hearing on these issues has already been held. On December 13, 1976, testimony was taken before a referee appointed by the Commission. A verbatim transcript of those proceeding appears of record. Based on the refereed proceedings, the Commission concludes that appellant presented himself for work on April 14, 1976 and was not allowed to resume his duties. Therefore, appellant is entitled to be paid for the period April 14, 1976 through April 18, 1976.
In Docket Number 2668, Mr. Smith complained of his October 1, 1976 termination and sought reinstatement with back pay. Mr. Smith was reinstated on January 9, 1978. The Commission found as a fact that the State's December 13, 1977 check to Mr. Smith in the net amount of $21,018.86 represented back wages for the period of April 19, 1976 through December 13, 1977, rather than a damage settlement. Further, the Commission held:
"Since the appointing authority did not reinstate appellant until January 9, 1978 and did not show any justification for the delay and since they did not place him in any leave status for that period, appellant is entitled to be paid for the period of December 14, 1977 through January 8, 1978."
"In Docket Number 2421, appellant reiterates the request for pay that he raised in Docket Numbers 1486 and 2668. Additionally, he seeks pay from `the time of the October 1976 order [September 10, 1976] until such time ... that the Division of Administration was taken out from under Civil Service jurisdiction [February 14, 1977] and [f]rom the time... which the Division of Administration was replaced under Civil Service jurisdiction [October 5, 1978] until such time as the Commission may rule upon case # 2421'. Appellant clearly is not entitled to all of this relief. He has been paid for the period from April 19, 1976 through December 13, 1977. He was reinstated effective January 9, 1978 and was terminated from that position effective December 8, 1978. This termination was not appealed. Therefore, appellant is not entitled to any additional pay or back pay after January 9, 1978."
After the Commission's opinion was rendered, Mr. Smith requested a hearing on the merits of his three appeals. In response thereto, the Commission informed Mr. Smith that the April 8th opinion was a final disposition of his appeals.
Mr. Smith perfected the instant appeal and argues that the Director of the State Civil Service Commission is without the power to limit hearings to a consideration of a Request for Summary Disposition and that the Commission denied him due process, i.e., notice and a full evidentiary hearing, by its ruling on the merits of his three appeals.
*385 The Division of Administration argues that any additional evidentiary hearing would be superfluous and/or moot since Mr. Smith has now been granted all of the relief which he is entitled to in his three appeals.
Procedural due process and its relation to the field of administrative law was discussed by Judge Landry in the case of Hamilton v. La. Health & Human Resources Administration, 341 So.2d 1190 (La. App. 1st Cir. 1976), as follows:
"The procedure by which rights may be enforced and wrongs remedied is subject to state regulation and control, and no one has a vested right to any given mode of procedure, provided constitutional requirements of due process (due notice and opportunity to be heard) are observed.
"Procedural due process, in its application to the field of administrative law, is generally regarded as being of greater flexibility than it is in its applicability and relevancy before a strictly judicial tribunal.
* * * * * *
"... it is clear that due process does not necessarily mean a full trial in every instance. Where the constitutional requirements of notice and opportunity to be heard are afforded, due process may be achieved short of a full blown trial in the generally accepted sense." (Citations omitted)
From the large record before us on appeal, it appears that Mr. Smith's right to due process of the law has not been violated. Instead, the record shows that Mr. Smith has been afforded his rights to counsel, to cross-examine witnesses and to present witnesses on his own behalf at every step of these proceedings. In light of the broad rule-making power of the Commission, the interest of judicial economy and recognizing the flexibility of procedural due process and its applicability to the field of administrative law, we cannot say that Mr. Smith was prejudiced in any manner by the Commission's final disposition of his three consolidated appeals, Hamilton, supra.
Additionally, in his Supplemental Brief to this Court he contends that, according to our holding in the case of Retha M. Stafford v. Division of Administration, 407 So.2d 87 (La.App. 1st Cir. 1981)[1], the Commission does not have the right to consider and classify transactions made during the time it did not have the jurisdiction to sanction, approve or control such things, and therefore, the Commission erred in using the State's 1977 payment to him in determining the back wages due him. Our Supreme Court, by its decision in the case of Smith v. Division of Administration, supra, determined that Mr. Smith has always been a classified employee and, as such, the State Civil Service Commission has always had jurisdiction over him. Therefore, Mr. Smith's assignment of error lacks merit.
In reviewing the record as a whole, the Civil Service Commission did not err in its factual determinations which are clearly supported by sufficient and competent evidence. Ryder v. Department of Health & Human Resources, 400 So.2d 1123 (La.App. 1st Cir. 1981); Stiles v. Department of Public Safety, Drivers' License Division, 361 So.2d 267 (La.App. 1st Cir. 1978)
For the reasons expressed herein, and affirming the opinion of the State Civil Service Commission, we hold that Mr. Smith is entitled to back pay for the periods of April 14, 1976 through April 18, 1976, and December 14, 1977 through January 8, 1978, less a set-off for wages earned during said periods. Costs of this appeal are to be paid by Michael N. Smith, appellant.
AFFIRMED.
NOTES
[1] In the Stafford case this court held that the decision in the case of Smith v. Division of Administration, supra, should not be applied retroactively.