SHORTESS, Judge,
dissenting.
The majority has affirmed a Civil Service decision which summarily demotes these appellants notwithstanding allegations of improper demotion, discrimination and deprivation of due process.
I do not know what the facts are because no hearing was ever held, but the appellants allege that they were serving as permanent civil service employees with Equipment Operator I classifications and that they were reallocated to positions of “Laborer-Utility.” They allege that this reallocation results in pay reductions that will approximate one-third of their salaries.
In my opinion, appellants are entitled to a hearing on these allegations of demotion without cause, as per Civil Service Rule 13(b). The Commission erred and the majority compounded the error in holding that the 1974 Constitution changed the law as expressed in Perkins v. Director of Personnel, 220 So.2d 253 (La.App. 1st Cir.1969), that a reallocation downward was a demotion which triggered the right to notice and hearing.
The majority finds that the “Commission was correct in concluding that plaintiffs failed to perfect an appeal based on discrimination by either their supervisor or the Director.” Yet the Commission found that appellants had adequately alleged dis *240 crimination by their supervisor but found that to be irrelevant since they alleged no discrimination by their director. This ruling was made on the premise that the supervisor demotes and the director reallocates. I cannot so easily take comfort in these semantic exercises when the bottom line is that appellants will lose one-third of their pay from this alleged discriminatory reallocation (demotion), yet still have the same work duties. This action results in the loss of very important property rights. It should have triggered the due process right to have an appeal decided only after adequate notice and hearing. I would reverse and remand for a complete hearing.
I respectfully dissent.